UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHNSON,<br><br>  Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | No. 2: 14-cv-2759 KJN P<br><br>ORDER |

Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner consented to the jurisdiction of the undersigned. (ECF No. 4.)

Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] Therefore, a waiver of exhaustion

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  Petitioner states that he is seeking to be resentenced pursuant to Proposition 47.  Petitioner indicates that he has not presented his claims to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition is dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner is granted leave to proceed in forma pauperis;

2.  This action is dismissed without prejudice due to petitioner's failure to exhaust state court remedies.

Dated:  January 29, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

John2759.103

---

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).